**FILED**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

OCT 1 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

QUENTIN SHAWN ADDISON )
924 10th Street, N.E. )
Washington, D.C. 20002 )
    *Plaintiff* )
     )
    v. )
     )
TOYOTA MOTOR CREDIT COMPANY )
c/o Prentice Hall Corporation System )
1090 Vermont Avenue, N.W. )
Washington, D.C. 20005 )

CASE NUMBER   1:05CV02050

JUDGE: Rosemary M. Collyer

DECK TYPE: General Civil

DATE STAMP: 10/19/2005

JURY ACTION

## COMPLAINT

Plaintiff, through undersigned counsel, does file suit against the Defendant, Toyota Motor Credit Corporation, and for causes of action respectfully states the following:

1. Jurisidiction is proper in this Court because Plaintiff, Mr. Quentin Addison, brings forth a cause of action under the Fair Debt and Collection Practices Act (FDCPA) (15 U.S.C.A. s. 1692).

2. Venue is proper in this Court because the Defendant is a nationwide corporation which regularly conducts business in the District of Columbia, and the Plaintiff resides in the District of Columbia.

3. Toyota Motor Credit Corporation entered into a contract with the Plaintiff to finance the purchase of a Lexus vehicle in 2002.

4. At some time subsequent to contracting, the Defendant repossessed the vehicle of the Plaintiff for failure to make timely payments.

5. Plaintiff was a debtor to the Defendant for the deficiency balance on the loan.

6. On June 30, 2003, the Plaintiff filed for Chapter Seven bankruptcy protection in

the District Court of the District of Columbia.

7. In the Petition for bankruptcy protection filed by the Plaintiff, Plaintiff included the Defendant as a creditor and sought a discharge of the debt owed to the Defendant.

8. The Defendant was served by the US District Court for the District of Columbia with the Notice of filing of the bankruptcy.

9. On June 21, 2005, the Defendant served an individual living at the Plaintiff's *former* residence in Temple Hills, Maryland with a Writ of Summons for the previously discharged debt.

10. Plaintiff had not resided at this address for nearly three (3) years and had no knowledge of, or relationship to, the person who was served with the Summons.

11. Despite the insufficient service and the previous discharge of the debt, the Defendant obtained a Judgment and a subsequent Writ fo Garnishment on the Plaintiff's wages and a lien on his bank account.

12. As a result of the Defendant's unlawful actions, the Plaintiff had no access to his bank account and his funds during a time when he had expenses to pay including his rent, payment of child support, utilities, food and other regular daily expenses.

13. Defendant maintains a second job which involves the use of his cellular phone. Without the use of his cellular phone, the Plaintiff can not maintain his business, causing additional financial losses.

14. Plaintiff has incurred additional financial losses as a result of the Defendant's actions including retention of an attorney to bring this present action, as well as

       detriment to his credit as a result of his present creditors not being paid on time due to the Plaintiff's inability to access his funds.

15. It is clear from the documents in both the bankruptcy matter, as well as the action brought by the Defendant against the Plaintiff, that the Defendant had been provided not only notice of the filing of the bankruptcy petition, which triggered an automatic stay, but also the notice of discharge, which should have advised the Defendant that they no longer had any lawful right to attempt to collect on the debt.

16. As a result of the provided notice of the bankruptcy, no further action should have been undertaken by the Defendant to collect on the debt owed to them by the Plaintiff until such time as the bankruptcy matter is resolved.

17. As a result of the Defendant's actions, the Plaintiff has suffered great financial detriment, and this loss must be compensated by the Defendant.

18. Defendant's actions were in direct contradiction to the FDCPA and demonstrate bad faith business practices on the part of the Defendant.

19. The Plaintiff has incurred, and will continue to incurr financial loss as a result of the Defendant's actions, and has incurred and will continue to incurr attorney fees as a result of the Defendant's actions.

WHEREFORE, the Plaintiff demands the Defendant pay damages in the amount of $100,000.00 as well as all attorney fees incurred by the Plaintiff in bringing this suit.

Respectfully Submitted,

_____Matthew Hertz____
Matthew Hertz, Esq.
Solomon, Malech & Cohen, P.C.
1015 18th Street, N.W.
Suite 925
Washington, D.C. 20036
(202) 955-6141
Fax: (202) 955-1055
*Counsel for Plaintiff*

## JURY DEMAND

The Plaintiff respectfully requests that this matter be heard before a jury.