**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| QUENTIN SHAWN ADDISON | * |
|     Plaintiff | * |
| v. | * Case No.: 1-05CV02050 |
| TOYOTA MOTOR CREDIT COMPANY | * Judge: Rosemary Collyer |
|     Defendant | * |

\*   \*   \*   \*   \*   \*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant, Toyota Motor Credit Company ("TMCC"), by and through its attorneys, Michael N. Russo, Jr., Stephen A. Oberg and Council, Baradel, Kosmerl & Nolan, P.A, offers this Memorandum of Points and Authorities in Support of its Motion to Dismiss for Failure to State a Claim, and states as follows:

**Statement of Case**

The Complaint brought by Plaintiff, Quentin Shawn Addison ("Addison") against TMCC in the above captioned matter pleads one cause of action only, arising from TMCC's alleged violation of a Bankruptcy Discharge under 11 U.S.C. § 524, which Addison argues to be a violation of the "Fair Debt and Collection Practices Act", 15 U.S.C. § 1692 ("FDCPA").

TMCC has moved to dismiss the Complaint because it fails to state a claim for which relief may be granted. As set forth more fully *infra*: TMCC is not a "debt collector" subject to liability under the FDCPA; there is no private cause of action for

damages permitted for any alleged violation of 11 U.S.C. § 524; and, finally, the FDCPA is inapplicable to matters governed by 11 U.S.C. § 524.

## Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must dismiss Plaintiff's Complaint if appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kingman Park Civic Ass'n v. Williams*, 358 U.S.App.D.C. 295, 302, 348 F.3d 1033, 1040 (2003), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  In ruling on a motion to dismiss a complaint for failure to state a claim, the court is obliged to assume the truth of all well pleaded facts and reasonable inferences that may be drawn therefrom.  *Conley*, 355 U.S. at 45-46.  Nevertheless, the Complaint must set forth factual allegations sufficient to satisfy each and every element required for any recovery under each purported cause of action; bald assertions and conclusory statements of law are insufficient to withstand a moving party's motion to dismiss.  *See e.g. Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), *cert. denied*, 514 U.S. 1007 (1995).

## Argument

**A.     TMCC is Not a "Debt Collector" Subject to Suit Under the FDCPA**

The FDCPA creates a private cause of action for individuals who have been subjected to "unfair" debt collection practices by *debt collectors*.  15 U.S.C. § 1692(a) (stating expressly that "any *debt collector* who fails to comply with any provision of this subchapter with respect to any person is liable to such person." (emphasis added))

2

The alleged actions of TMCC in Addison's Complaint do not, and cannot possibly, constitute a violation of the FDCPA because TMCC is not a "debt collector" that may be held liable under that statute. For purposes of the FDCPA, a "debt collector" is defined as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, *debts owed or due or asserted to be owed or due another.*

15 U.S.C. § 1692(a)(6) (emphasis added). In the instant matter, Addison's own allegations establish that TMCC's purported violation of the bankruptcy discharge at issue was an effort to secure the payment of a debt owed *directly to them, by Addison*. Addison has pled in pertinent part: that TMCC "entered into a contract with [Addison] to finance the purchase of a Lexus vehicle in 2002" (Complaint, ¶ 3.); that Addison "was a *debtor to* [*TMCC*] for the deficiency balance of the loan" (Complaint, ¶ 5, emphasis added); and that "despite...the previous discharge of the debt, [TMCC] obtained a Judgment and a subsequent Writ for Garnishment [Addison's] wages and a lien on his bank account." (Complaint, ¶ 11.)

Thus, Addison's own allegations establish that his Complaint fails to state a claim under the FDCPA, because TMCC did not act as a "debt collector," but instead acted, allegedly, to secure payment of a debt owed directly to TMCC.

**B.     There is No Private Cause of Action Available Under 11 U.S.C. § 524**

Implicit in Addison's theory of his cause of action under the FDCPA is the contention that a creditor who violates a bankruptcy discharge under 11 U.S.C. § 524

3

may be held liable for damages to the debtor in a private cause of action. Addison's Complaint therefore fails to state a claim because, as a matter of law, 11 U.S.C.A. § 524 does not authorize any private cause of action for a creditor's violation of a bankruptcy discharge. *See e.g. In re Reyes*, 238 B.R. 507, 508 (D.R.I. 1999); *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir. 2002); *Pertuso v. Ford Motor Credit Company*, 233 F.3d 417, 422 (6th Cir. 2000).

There is no precedent directly on point in the United States District Court for the District of Columbia. In the seminal case on point, *In re Reyes* (*supra*), however, the United States Bankruptcy Court for the District of Rhode Island determined that the only action available to "remedy a violation of [a] discharge injunction pursuant to 11 U.S.C. § 524(a) must be one for contempt[1], as there is *no express* or *implied* right of action under that Section." *In re Reyes*, 238 B.R. at 508. In reaching its holding, the *Reyes* Court adopted and incorporated the reasoning set forth in the Defendant's memorandum in support of its motion to dismiss, which in pertinent part stated as follows:

> The Bankruptcy Code *nowhere provides a private right of action* for alleged violations [of Section 524]. Therefore, plaintiff carries the heavy burden of establishing that Congress intended an implied right of action under Section 524. As Justice Scalia said in a concurring opinion in *Thompson v. Thompson*, 484 U.S. 174, 190, 108 S.Ct. 513, 98 L.Ed.2d 512 (1988) "...this court has long since abandoned its hospitable attitude toward implied rights of action." *See also Arroyo-Torres v. Ponce Fed. Bank, F.B.S.* 918 F.2d 276, 278 (1st Cir. 1990) (noting that "a high hurdle confronts claimants asserting implied rights of action").

---

[1] Whereas TMCC asserts that the only available remedy for its alleged violation of the bankruptcy discharge in this matter is an application for a finding of civil contempt, TMCC disputes that such a finding is warranted under the facts in this matter. For the sake of brevity and the Court's convenience, TMCC will not argue that issue herein, as it is beyond the scope of this Court's decision as to whether to dismiss this Complaint.

> A private right of action will not be implied unless a plaintiff can show (1) she is one of the class for whose special benefit the statute was enacted; *(2) there was legislative intent to create such a remedy; (3) a private right of action is consistent with the underlying purpose of the legislative scheme*; (4) the cause of action is not one traditionally relegated to state law. *See Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). In analyzing whether there is an implied private right of action, the court does not weigh the four *Cort* factors equally. Instead, the second factor, regarding legislative intent, plays a dominant role...
>
> There is *no evidence of a legislative intent to create a private right of action* under Section 524. Nor would such an implied right of action be consistent with the underlying purpose of the legislative scheme. When Congress has wanted to provide a private cause of action under the Bankruptcy Code, *it has expressly done so*, as in the case of establishing an express right of action for violations of the Code's automatic stay provision. *See* 11 U.S.C. § 362(h) ("An individual injured by a willful violation of a stay...shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.")
>
> The analysis above demonstrates an implied right of action under Section 524 cannot pass *either* the second or third prong of the *Cort* test.

*In re Reyes*, 238 B.R. at 510-511 (emphasis added).

Through the incorporated memorandum, the *Reyes Court* cited several decisions wherein it was consistently held that there is no private cause of action authorized under 11 U.S.C.A. § 524, including: *Costa v. Welch*, 172 B.R. 954, 957 (Bankr. E.D.Cal. 1994); *Perovich v. Humphrey*, 1997 WL 674975 (N.D. Ill.); *Cox v. Zale Delaware*, 1998 WL 397841 (N.D.Ill.); *Sullivan v. All States Lumber, Inc.* 90 B.R. 307, 308-309 (1988); and *Pereira v. First North American National Bank*, 223 B.R. 28, 30 (1998).

As noted in *Reyes,* that Congress did not intend to create a private cause of action under 11 U.S.C.A. § 524 is firmly established by the fact that Congress has expressly provided such causes of action in other Bankruptcy Code provisions, including § 362(h).

This distinction and rule of statutory construction was emphasized by the Sixth Circuit in *Pertuso v. Ford Motor Credit Company*, in which District Judge Nelson reasoned as follows:

> ...What Congress subsequently failed to do with regard to § 524 sheds rather more light on the legislature's intent. Congress amended the Bankruptcy Code in 1984 to provide an express right of action under the automatic stay provision of 11 U.S.C. § 362(h). Id did so because reliance on the contempt power to remedy violations of § 362 had been widely criticized. Congress amended § 524 *at the same time it amended* § 362, but no private right of action was added in § 524. The contrast, we think, is instructive.

*Pertuso*, 223 F.3d at 422 (internal citations omitted, emphasis added).

This holding was cited by the Ninth Circuit in *Walls v. Wells Fargo,* which again held that there is no private cause of action available under 11 U.S.C. § 524; echoing the language of *Pertuso*, the *Walls* Court reasoned that Congress

> certainly knows how to create a private right of action when it wants to; ffor sure it knew how to create a private right of action when it amended §§ 362 and 524...had Congress meant to create a private right of action for violations of § 524, it could easily have done so; that it did not is a strong indication that it did not intend any such remedy.

*Walls*, 276 F.3d at 508-509.

There is no expressly authorized private cause of action under 11 U.S.C. § 524, nor is there an implied private cause of action therein; accordingly, TMCC's alleged violation of the discharge for Addison cannot possibly constitute a claim for which relief may be granted by this Court.

**C.   The FDCPA is Supplanted and Superseded by 11 U.S.C. § 524**

Addison's Complaint cannot survive TMCC's Motion to Dismiss because that Complaint purportedly pleads a cause of action under the FDCPA, which is supplanted

and superseded by 11 U.S.C. § 524 in matters specifically addressing violations of a bankruptcy discharge.  *Walls*, 276 F.3d at 502.  Extending its determination that there is no private cause of action created under 11 U.S.C. § 524 to its natural conclusions, the Ninth Circuit determined in *Walls* that recognizing an *implied* private cause of action therefrom would "undercut the complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code."  *Walls*, 276 F.3d at 509.  As such, the Court in *Walls* recognized that there can be no FDCPA cause of action arising from a violation of a bankruptcy discharge under 11 U.S.C. § 524, as such a reading of the former would "circumvent the Bankruptcy Code's remedial scheme."  *Id.*, 276 F.3d at 504.

## Conclusion

Addison's Complaint in the above captioned matter fails to state a claim for which relief may be granted by this Court: TMCC is not a "debt collector" subject to any liability under the FDCPA, which is the only cause of action pled by Addison; the actions allegedly taken by TMCC in violation of 11 U.S.C. § 524 cannot give rise to a private cause of action, which neither expressly nor impliedly created therein; and even if TMCC were a "debt collector," the FDCPA could not govern this matter, as that general statute is supplanted by 11 U.S.C. § 524 in matters regarding purported violations of bankruptcy discharges.

Wherefore, in consideration of the foregoing, TMCC respectfully submits that this Court must dismiss the Complaint filed in this matter for failure to state a claim upon which relief may be granted.

                    Respectfully submitted,

                    COUNCIL, BARADEL,
                    KOSMERL & NOLAN, P.A.

By:          /s/
                    Michael N. Russo, Jr.
                    D.C. Bar # 424712
                    Stephen A. Oberg
                    D.C. Bar # 475925
                    125 West Street, 4th Floor
                    Post Office Box 2289
                    Annapolis, Maryland 21404-2289

                    Annapolis:  (410) 268-6600
                    Baltimore:  (410) 269-6190
                    Washington: (301) 261-2247

                    *Attorneys for Defendant Toyota Motor Credit Corporation*